IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Senderra Rx Partners, LLC d/b/a Senderra Specialty Pharmacy,<br><br>      Petitioner,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>      Respondent. | No. 4:21-cv-00521<br><br>**MOTION TO FILE PETITION UNDER SEAL** |

    Petitioner Senderra Rx Partners, LLC d/b/a Senderra Specialty Pharmacy ("Petitioner") hereby files this motion for leave to file a petition for Confirmation of Arbitration Award under seal.

1. This matter arises from an arbitration between Petitioner and Express Scripts, Inc. ("ESI" or "Respondent").

2. The parties to the arbitration have executed an agreement ("Arbitration Agreement") through which the parties must keep any arbitration between them confidential. **Exhibit A**.

3. The subject matter of the information involved in the underlying arbitration also involves proprietary, financial and trade secret information (hereinafter "Confidential Material"), which the parties desire to take all efforts to assure that this information remains fully protected.

4. The subject matter of the Petition that Petitioner intends to file involves the Confidential Material.

- 1 -

5. Petitioner has demonstrated that the information it desires to protect by seeking to seal the pending Petition is the type of information that merits protection from the public eye and warrants filing the Petition. See <u>Baxter Infl, Inc. v. Abbott Labs.</u>, 297 F.3d 544, 546 (7th Cir. 2002).

6. In order to abide by the Agreement, Petitioner hereby asks this court to enter an order granting leave to file its Petition under seal.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order Allowing Petitioner to file a Petition under seal.

DATED this 4th day of May, 2021.

*/s/A.J. Barbarito*
A.J. Barbarito, Esq.
207652018(NJ)
84 Bloomfield Avenue
Pine Brook, NJ 07058
(973) 618-1660
abarbarito@frierlevitt.com

Attorney for Petitioner

# Exhibit A

Version Date: 11/10/2012                                                          Contract Number: NCM156541
Version Number: 1                                                                                     27 of 40

7.15  **Binding Arbitration.** Any claim or controversy ("Claim"), whether under federal or state statutory or common law, brought by either ESI or the Pharmacy against the other, or against the employees, members, agents or assigns of the other, arising from or relating in any way to the interpretation or performance of this Agreement or any prior Agreement, including Claims regarding the validity of this arbitration provision, shall be resolved by binding arbitration. Arbitration shall be before a single, neutral arbitrator, who shall have at least ten (10) years of experience involving litigation of complex commercial disputes, and shall be performed in accordance with the Commercial Rules of the American Arbitration Association then in effect. The arbitrator shall be required to provide a reasoned decision setting forth his findings and conclusions with respect to each Claim submitted to arbitration. For the purpose of this clause, the parties acknowledge that this contract affects interstate commerce and that therefore this agreement to arbitrate shall be governed, interpreted and enforced in accordance with the Federal Arbitration Act, 9 U.S.C. Sections 1-16. Venue for the arbitration shall be in St. Louis County, Missouri. The substantive laws of the State of Missouri (without regard to its choice of law rules) shall apply to claims and defenses of the parties and to the interpretation of this agreement to arbitrate. A demand for arbitration shall be made within a reasonable time after the claim, dispute, or other matter in question has arisen, and in no event shall any such demand be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations. Unless the parties agree otherwise, pre-hearing discovery in any arbitration conducted pursuant to this clause shall be limited to a pre-hearing exchange of documents and exhibits. Unless the parties and the arbitrator agree otherwise, the arbitration hearing shall be commenced no later than 180 days after an initial statement of claim is served upon the adverse party or parties. Under no circumstances may the arbitrator award ESI or Provider punitive damages. The prevailing party in the arbitration, as designated by the arbitrator, shall be entitled to recover its reasonable costs of the arbitration, including, without limitation, its reasonable attorneys' fees, from the other party as determined by the arbitrator. The parties agree that only Claims asserted pursuant to this agreement will be arbitrated in a proceeding initiated under this section and such Claims shall not be consolidated or coordinated in any arbitration action with the Claim of any other individual or entity. No Claim may be arbitrated on a coordinated, class, mass or consolidated basis. No Claim may be brought as a class action or as a private attorney general. If any provision of this agreement to arbitrate is found by a court of law to be invalid, such provision shall not be effective but the remainder of this agreement to arbitrate shall remain effective. Any decision rendered by an arbitrator with respect to a Claim submitted pursuant to this agreement may be entered as a judgment in any court having jurisdiction over the parties. Unless otherwise agreed to by the parties in writing, the arbitration proceedings and decision shall be treated as confidential (e.g., Confidential Information) and subject to the restrictions contained in Section 5 of this Agreement.

7.16  **Representations and Warranties of Provider.** Provider represents and warrants (itself and on behalf of its Pharmacies) that:

    7.16.a  It and its Pharmacies and all personnel (as applicable) are appropriately licensed and have not been sanctioned or had its (or his or her) license suspended, revoked, restricted, limited or otherwise disciplined and have not been and is currently not suspended, restricted, limited or excluded from participating in any Federal Health Care Program or state health care or other government program; and

    7.16.b  In the event Provider (or any Pharmacy) is excluded from any Federal Health Care Program or state health care program, or is otherwise subjected to any restriction which may affect its eligibility to provide, or ability to participate in providing, Covered Services to Members, Provider shall immediately notify ESI of such exclusion or restriction; and

    7.16.c  The answers it supplied to the questions contained in the Provider Certification are true and accurate and Provider shall notify ESI immediately in the event any statement becomes inaccurate or untrue; and

    7.16.d  It has obtained liability insurance in compliance with the terms of Section 6.1 of this Agreement.

7.17  **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed an original and together will constitute one and the same Agreement. Facsimile execution and delivery of this Agreement is legal, valid and binding execution and delivery for all purposes.

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION PROTECTED FROM PUBLIC DISCLOSURE UNDER 5 U.S.C. § 552 (b)
PLEASE READ THE FULL "FOIA NOTICE" ON THE SIGNATURE PAGE AND/OR THE FIRST PAGE OF THIS DOCUMENT