**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SENDERRA RX PARTNERS, LLC, D/B/A SENDERRA SPECIALTY PHARMACY,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 4:21-CV-521 RLW<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

The case is before the Court on review of Plaintiff's Amended Petition to Vacate Arbitrator's Award (ECF No. 35). For the following reasons, the Court concludes Plaintiff fails to meet its burden to establish that the Court has diversity jurisdiction over this matter, as Plaintiff fails to set forth with specificity its citizenship after having been given notice that its jurisdictional allegations were deficient and an opportunity to cure them. The case will be dismissed without prejudice for lack of subject matter jurisdiction.

**Background**

This is an action to vacate an arbitration award. Plaintiff's original complaint asserted that the Court had subject matter jurisdiction over this case "because this is an action brought pursuant to the Federal Arbitration Act ('FAA'), 9 U.S.C. § 10." (ECF No 2, ¶ 6). The original complaint also asserted, "Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, based on diversity of citizenship." (Id.)

On July 15, 2021, the Court issued an Order Concerning Jurisdiction (ECF No. 28) (the "Order") with respect to the original complaint. The Order is incorporated herein by this reference. The Court concluded in the Order that Plaintiff's first stated basis for subject matter

jurisdiction was insufficient because the Federal Arbitration Act does not provide a basis for federal subject matter jurisdiction. Order at 2 (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983) (discussing sections 3 and 4 of the FAA); UHC Mgmt. Co., Inc. v. Computer Sciences Corp., 148 F.3d 992, 995 (8th Cir. 1998) (citation omitted) (requiring an independent jurisdictional basis "when a party to an arbitration agreement seeks to have a federal court enforce its provisions."); and Pinnavaia v. National Arb. Forum, Inc., 122 F. App'x 862, 862 (8th Cir. 2004) (unpublished per curiam) ("In keeping with the other circuits that have addressed the issue, we hold that 9 U.S.C. § 10 does not provide an independent jurisdictional basis for filing suit in federal court.")). The Court stated that there must exist either federal question or diversity jurisdiction in order for it to hear this matter. (ECF No. 28 at 2.)

The original complaint did not allege another basis for federal question jurisdiction, but did allege diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The Court determined that Plaintiff's original complaint was procedurally defective because it did not contain sufficient allegations of jurisdictional facts regarding the state(s) of Plaintiff's own citizenship, and did not establish that the amount in controversy exceeds $75,000. Id. at 5. The Court granted Plaintiff seven (7) days to file an amended complaint alleging facts to show (1) complete diversity of citizenship between the parties, and (2) that the amount in controversy exceeds $75,000. Id. The Court cautioned, "Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction." Id. The case is stayed pending the Court's determination as to the existence of subject matter jurisdiction.

Plaintiff timely filed an amended complaint titled "Amended Petition to Vacate Arbitrator's Award" (ECF No. 35).

**Legal Standard**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).  "Federal courts are courts of limited jurisdiction.  The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted).  Statutes conferring diversity jurisdiction are strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Plaintiff.  See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936) ("[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]").

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).  Complete diversity of citizenship between plaintiffs and defendants is required by § 1332.  Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991).

**Discussion**

Plaintiff's amended complaint again asserts the FAA as a basis for federal jurisdiction, as well as diversity of citizenship jurisdiction.  As stated in the Order, the FAA does not provide an independent basis for federal jurisdiction.  Plaintiff must therefore establish the existence of diversity jurisdiction.

The Court finds the amended complaint's factual allegations as to the amount in controversy are sufficient to establish that in excess of $75,000 is in controversy.  See ECF No. 35 at ¶¶ 11-12.

The Court further finds that the amended complaint does not set forth with specificity Plaintiff's citizenship, and does not establish complete diversity of citizenship of the parties. The amended complaint alleges that Defendant Express Scripts, Inc. is a Delaware corporation with its principal place of business in Missouri (id. ¶ 5), and that Plaintiff is a limited liability company incorporated under the laws of Texas with its principal place of business in Texas (id. ¶¶ 4, 8.)  It further alleges, "The complete ownership of Petitioner is as listed in Exhibit A." (Id. ¶ 8.)

As the Court stated in the Order, for purposes of diversity jurisdiction the citizenship of a limited liability company such as Plaintiff is the "citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, the Court must examine the citizenship of each of Plaintiff's members to determine whether it has diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  For members of LLCs that are themselves limited liability companies, partnerships, limited partnerships, or trusts, information concerning their underlying members, partners, and trustees or trust beneficiaries must be alleged.  "A federal court . . . needs to know each member's citizenship, and if necessary each member's members' citizenships."  Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006), abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital, 827 F.3d 689 (7th Cir. 2016).

The amended complaint's Exhibit A (ECF No. 33-2) is a nine-page series of tables without any accompanying explanatory text.  Per the statement in the amended complaint, Exhibit A is intended to document Plaintiff's complete ownership structure.  Exhibit A does not serve to allege specific jurisdictional facts as to Plaintiff's citizenship, however, or establish

4

complete diversity of citizenship for purposes of federal diversity jurisdiction, as the information contained therein is deficient in the following respects.

In most instances where Plaintiff lists an individual person on Exhibit A as a member, partner, or percentage owner of itself or one of its member entities, Plaintiff provides the person's name and an address only.  In other instances, Plaintiff provides only the individual's name.  To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship.  Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).  Plaintiff's listing of a person's name and an address does not set forth with specificity that person's state of citizenship for purposes of federal diversity jurisdiction.  Thus, Plaintiff fails to allege the citizenship of each of the individuals identified in Exhibit A.  In its discussion of the other defects in Plaintiff's jurisdictional allegations, the Court does not repeat as to each entity that Plaintiff's allegations as to any individuals' citizenships are also defective.

Plaintiff identifies "TMC, LLC" as its "Sole Class A Member" in the chart showing Plaintiff's ownership (ECF No. 33-2 at 10), but subsequently provides ownership information for The Moody Company, LLC (id. at 11-12), and not TMC, LLC.  Plaintiff does not allege that TMC, LLC and The Moody Company, LLC are the same entity.  This discrepancy creates doubt as to whether Plaintiff has alleged the members of TMC, LLC at all.[1]  Even if the Court assumes that TMC, LLC and The Moody Company, LLC are the same entity and Plaintiff's use of two different names to describe it on Exhibit A is the result of carelessness, Plaintiff fails to allege facts sufficient to establish its citizenship because, among other things, Plaintiff does not allege facts to establish the citizenship of TMC, LLC's members.

---

[1] For simplicity's sake, the Court will refer to both TMC, LLC and the Moody Company, LLC as "TMC, LLC" for the remainder of this Memorandum and Order.

5

Plaintiff identifies Cibolo Capital Partners I, LLC, and Grayhawk Advisers, LP as two of its "Founding Members." (ECF No. 33-2 at 10.) Plaintiff lists three members of Cibolo Capital Partners I, LLC, including "Grayhawk Advisors," with Winston R. Purifoy as 100% "underlying owner" of Grayhawk Advisors (id. at 13). Plaintiff does not identify what kind of entity Grayhawk Advisors is. Assuming that Grayhawk Advisers, LP and Grayhawk Advisers are the same entity, and the use of two different names is the result of carelessness, the presence of "LP" in its name indicates Grayhawk Advisers, LP is a limited partnership. Plaintiff separately identifies the ownership structure of Grayhawk Advisers, LP as owned 1% by Winston R. Purifoy, LLC, with Winston R. Purifoy as the 100% "underlying owner" of Winston R. Purifoy, LLC; and Winston R. Purifoy as the "managing member" of Grayhawk Advisers, LP with a 99% ownership interest. (ECF No. 33-2 at 15.)

"When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." Barclay Square Props., 893 F.2d at 969 (citing Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990)). Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of Grayhawk Advisors, LP because it does not allege the citizenship of the entity's general and limited partners. Thus, Plaintiff does not allege sufficient jurisdictional facts to establish the citizenship of its member Cibolo Capital Partners I, LLC, because it does not sufficiently allege the citizenship of all of that entity's members.

Plaintiff identifies Ingleside Capital LP as a one of its "Class B Member[s]" (id. at 10), and separately identifies a single "Member" of Ingleside Capital LP, Bo Howard (id. at 14). Plaintiff fails to allege the type of entity Ingleside Capital LP is, but the presence of "LP" in its name indicates it is a limited partnership. Plaintiff fails to allege sufficient jurisdictional facts to

6

establish the citizenship of its member Ingleside Capital LP because it does not allege the citizenship of the entity's general and limited partners.  Barclay Square Props., 893 F.3d at 969.

Plaintiff identifies Alianza Cuervo Tejas, LP as one of its "Founding Member[s]" (ECF No. 33-2 at 10), and identifies the General Partner of Alianza Cuervo Tejas, LP as King A. Crow (id. at 16). [2]  Plaintiff does not identify any limited partners.  As with other entities discussed above, Plaintiff does not allege the type of entity Alianza Cuervo Tejas, LP is, but the presence of "LP" in its name indicates it is a limited partnership.  Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of Alianza Cuervo Tejas, LP because it does not allege the citizenship of all of that entity's general and limited partners.  Barclay Square, 893 F.3d at 969.

With respect to the ownership of Plaintiff's Sole Class A Member, TMC, LLC, Plaintiff identifies Grand Holdings, LC (ECF No. 33-2 at 12) as one of TMC, LLC's members.  Plaintiff does not identify the type of entity Grand Holdings, LC is.  The information listed on Exhibit A as to Grand Holdings, LC's ownership appears to identify its members as the RXM Trust, the BITT Trust, and four individuals.  (Id. at 17.)  Plaintiff does not specify the type of trusts the RXM Trust and BITT Trust are, or the states' laws under which they are organized.  Plaintiff identifies by name only approximately forty-eight individual trust beneficiaries of the RXM and BITT Trusts, and identifies the individual trustees for each of the beneficiaries by name only.

For purposes of diversity jurisdiction, the "members" of unincorporated business trust entities created by statute include shareholders.  Americold Realty Trust v. Conagra Foods Inc., 577 U.S. 378, 382 (2016).  This Court has held that for a traditional trust, the citizenship of all trustees must be considered for purposes of diversity jurisdiction.  Alper v. Marsh, USA, Inc.,

---

[2] Plaintiff identifies its member Alianza Cuervo Tejas, LP on Plaintiff's ownership structure chart (ECF No. 33-2 at 10) as "Alianza Cuervo Te."

7

2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018) (applying Missouri law; relying on Americold, 577 U.S. 278, and Carden, 494 U.S. at 195-96).  Here, Plaintiff does not allege facts to permit the Court to determine what type of trusts these are, nor does it allege facts as to the citizenship of the Trusts' beneficiaries or trustees.  For these reasons, Plaintiff does not allege sufficient jurisdictional facts to set forth with specificity the citizenship of its member TMC, LLC's member Grand Holdings, LC.

Finally, Plaintiff identifies Melecore, Inc. as a member of TMC, LLC.  (ECF No. 33-2 at 11.)  Plaintiff does not identify the type of entity Melecore, Inc. is, but it appears to be a corporation because its name includes the abbreviation "Inc."  For purposes of diversity jurisdiction, a corporation is a citizen of its state(s) of incorporation and principal place of business.  See 28 U.S.C. § 1332(c).  Plaintiff identifies Melecore, Inc. as being owned 100% by Rick Melebeck (id. at 18), but fails to allege facts as to Melecore, Inc.'s state(s) of incorporation and principal place of business.  Plaintiff therefore does not set forth with specificity the citizenship of its member TMC, LLC's member Melecore, Inc.

**Conclusion**

The Court identified the procedural defects in Plaintiff's original complaint in its prior Order and gave Plaintiff the opportunity to correct those defects.  The Court cautioned Plaintiff that its failure to timely and fully comply with the Order would result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.  For the reasons discussed above, Plaintiff's amended complaint fails to include adequate allegations of jurisdictional facts to set forth with specificity its own citizenship.  Plaintiff thus fails to meet its burden to establish complete diversity of citizenship between the parties.  The Court will dismiss this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the stay of this matter is lifted.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, for lack of subject matter jurisdiction.  See Rule 12(h)(3), Fed. R. Civ. P.

                                                       _____
                                                       **RONNIE L. WHITE**
                                                       **UNITED STATES DISTRICT JUDGE**

Dated this 4th day of August, 2021.