UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SENDERRA RX PARTNERS, LLC, D/B/A<br>SENDERRA SPECIALTY PHARMACY,<br><br>   Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 4:21-CV-521 RLW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This closed case is before the Court on Plaintiff Senderra Rx Partners, LLC's "Motion for Leave to File Sealed Documents (Filed with Consent of Respondent Express Scripts, Inc.)" (ECF No. 40), which states it is filed pursuant to E.D. Mo. Local Rule 13.05(A)(4) (establishing procedures for filing sealed documents) and Federal Rule of Civil Procedure 26(c)(1). Plaintiff's Motion for Leave is supported by a sealed Memorandum of Law (ECF No. 41) that sets forth the reasons why Plaintiff's proposed Second Amended Petition to Vacate Arbitrator's Award should be filed under seal. The proposed Second Amended Petition was submitted as an attachment to the Memorandum of Law (ECF No. 41-2).

Defendant Express Scripts, Inc. was granted leave to respond out of time to Plaintiff's Motion for Leave. Defendant's Response (ECF No. 47) asserts that Plaintiff's Motion for Leave is procedurally improper because this case was dismissed without prejudice, and Plaintiff must file a new action rather than seeking leave to file under seal in this closed case.

In its Reply (ECF No. 46), Plaintiff states it may file its Second Amended Petition in this action because the case was dismissed without prejudice. Plaintiff asserts for the first time that leave to amend its complaint should be freely granted under Rule 15(a), Fed. R. Civ. P. Plaintiff contends that its Second Amended Petition establishes jurisdiction and therefore should be deemed

timely under the relation-back doctrine of Rule 15(c)(1)(B).  Plaintiff also asserts that Defendant waived its right to object to the filing of the Second Amended Petition because its counsel consented to the filing in an email, and that Defendant is equitably estopped from opposing the filing now.

Plaintiff fails to recognize that the Court issued a final order of dismissal for lack of subject matter jurisdiction under Rule 12(h)(3), Fed. R. Civ. P.  Plaintiff does not seek to have that judgment set aside and does not properly seek leave of Court for post-dismissal amendment of its complaint.  Plaintiff also fails to establish that the proposed Second Amended Petition adequately pleads complete diversity of citizenship between the parties.  As a result, Plaintiff's Motion for Leave will be denied.

**Background**

This was an action to vacate an arbitration award.  Plaintiff's original complaint asserted the Court had subject matter jurisdiction over this case "because this is an action brought pursuant to the Federal Arbitration Act ('FAA'), 9 U.S.C. § 10."  (ECF No 2, ¶ 6).  The original complaint also asserted that jurisdiction was proper in this Court pursuant to 28 U.S.C. § 1332 as "there is complete diversity of citizenship and the amount in controversy exceeds $75,000, based on diversity of citizenship."  (Id.)

On July 15, 2021, the Court on its own motion issued an Order Concerning Jurisdiction (ECF No. 28) (the "Order") concerning the original complaint.  The Order is incorporated herein by reference. The Court concluded in the Order that Plaintiff's first stated basis for subject matter jurisdiction was insufficient because the Federal Arbitration Act does not provide a basis for federal subject matter jurisdiction.  Order at 2 (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983) (discussing sections 3 and 4 of the FAA); UHC Mgmt. Co., Inc. v. Computer Sciences Corp., 148 F.3d 992, 995 (8th Cir. 1998) (citation omitted) (requiring an

independent jurisdictional basis "when a party to an arbitration agreement seeks to have a federal court enforce its provisions."); and <u>Pinnavaia v. National Arb. Forum, Inc.</u>, 122 F. App'x 862, 862 (8th Cir. 2004) (unpublished per curiam) ("In keeping with the other circuits that have addressed the issue, we hold that 9 U.S.C. § 10 does not provide an independent jurisdictional basis for filing suit in federal court.")). The Court stated that there must exist either federal question or diversity jurisdiction in order for it to hear this matter. (ECF No. 28 at 2.)

The original complaint did not allege another basis for federal question jurisdiction, but alleged diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The Court determined that Plaintiff's original complaint was procedurally defective because it did not contain sufficient allegations of jurisdictional facts regarding the state(s) of Plaintiff's own citizenship, and did not establish that the amount in controversy exceeded $75,000. <u>Id.</u> at 5. The Court set forth the relevant law concerning allegations of citizenship for limited liability companies such as Plaintiff:

> "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." <u>E3 Biofuels, LLC v. Biothane, LLC</u>, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. See <u>GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.</u>, 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). For any members of LLCs that are themselves limited liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.
>
> Here, the Complaint alleges that Plaintiff Senderra Rx Partners, LLC, d/b/a Senderra Specialty Pharmacy ("Senderra") is a limited liability company with its principal place of business in Dallas, Texas. (Complaint ¶ 4.) "[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens." <u>GMAC</u>, 357 F.3d at 829. The Complaint contains no allegations concerning the relevant jurisdictional facts about Plaintiff's citizenship: the identity of each of its members and the state(s) of which each member was a citizen at the time the complaint was filed, as required by <u>GMAC</u>.

<u>Id.</u> at 3.

The Court granted Plaintiff seven (7) days to file an amended complaint alleging facts to show (1) complete diversity of citizenship between the parties, and (2) that the amount in

controversy exceeds $75,000. Id. The Court cautioned, "Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction." Id. The case was stayed pending the Court's determination as to the existence of subject matter jurisdiction.

Plaintiff timely filed an amended complaint titled "Amended Petition to Vacate Arbitrator's Award" (ECF No. 35). The Court carefully reviewed the amended complaint's jurisdictional allegations and found that Plaintiff failed to set forth facts as to its citizenship in numerous respects, after having been given notice that its jurisdictional allegations were deficient and an opportunity to cure them, as follows:

> The amended complaint alleges that Defendant Express Scripts, Inc. is a Delaware corporation with its principal place of business in Missouri (id. ¶ 5), and that Plaintiff is a limited liability company incorporated under the laws of Texas with its principal place of business in Texas (id. ¶¶ 4, 8.) It further alleges, "The complete ownership of Petitioner is as listed in Exhibit A." (Id. ¶ 8.)
>
> As the Court stated in the Order, for purposes of diversity jurisdiction the citizenship of a limited liability company such as Plaintiff is the "citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, the Court must examine the citizenship of each of Plaintiff's members to determine whether it has diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). For members of LLCs that are themselves limited liability companies, partnerships, limited partnerships, or trusts, information concerning their underlying members, partners, and trustees or trust beneficiaries must be alleged. "A federal court . . . needs to know each member's citizenship, and if necessary each member's members' citizenships." Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006), abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital, 827 F.3d 689 (7th Cir. 2016).
>
> The amended complaint's Exhibit A (ECF No. 33-2) is a nine-page series of tables without any accompanying explanatory text. Per the statement in the amended complaint, Exhibit A is intended to document Plaintiff's complete ownership structure. Exhibit A does not serve to allege specific jurisdictional facts as to Plaintiff's citizenship, however, or establish complete diversity of citizenship for purposes of federal diversity jurisdiction, as the information contained therein is deficient in the following respects.
>
> In most instances where Plaintiff lists an individual person on Exhibit A as a member, partner, or percentage owner of itself or one of its member entities, Plaintiff

provides the person's name and an address only. In other instances, Plaintiff provides only the individual's name. To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). Plaintiff's listing of a person's name and an address does not set forth with specificity that person's state of citizenship for purposes of federal diversity jurisdiction. Thus, Plaintiff fails to allege the citizenship of each of the individuals identified in Exhibit A. In its discussion of the other defects in Plaintiff's jurisdictional allegations, the Court does not repeat as to each entity that Plaintiff's allegations as to any individuals' citizenships are also defective.

Plaintiff identifies "TMC, LLC" as its "Sole Class A Member" in the chart showing Plaintiff's ownership (ECF No. 33-2 at 10), but subsequently provides ownership information for The Moody Company, LLC (id. at 11-12), and not TMC, LLC. Plaintiff does not allege that TMC, LLC and The Moody Company, LLC are the same entity. This discrepancy creates doubt as to whether Plaintiff has alleged the members of TMC, LLC at all.[1] Even if the Court assumes that TMC, LLC and The Moody Company, LLC are the same entity and Plaintiff's use of two different names to describe it on Exhibit A is the result of carelessness, Plaintiff fails to allege facts sufficient to establish its citizenship because, among other things, Plaintiff does not allege facts to establish the citizenship of TMC, LLC's members.

Plaintiff identifies Cibolo Capital Partners I, LLC, and Grayhawk Advisers, LP as two of its "Founding Members." (ECF No. 33-2 at 10.) Plaintiff lists three members of Cibolo Capital Partners I, LLC, including "Grayhawk Advisors," with Winston R. Purifoy as 100% "underlying owner" of Grayhawk Advisors (id. at 13). Plaintiff does not identify what kind of entity Grayhawk Advisors is. Assuming that Grayhawk Advisers, LP and Grayhawk Advisers are the same entity, and the use of two different names is the result of carelessness, the presence of "LP" in its name indicates Grayhawk Advisers, LP is a limited partnership. Plaintiff separately identifies the ownership structure of Grayhawk Advisers, LP as owned 1% by Winston R. Purifoy, LLC, with Winston R. Purifoy as the 100% "underlying owner" of Winston R. Purifoy, LLC; and Winston R. Purifoy as the "managing member" of Grayhawk Advisers, LP with a 99% ownership interest. (ECF No. 33-2 at 15.)

"When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." Barclay Square Props., 893 F.2d at 969 (citing Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990)). Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of Grayhawk Advisors, LP because it does not allege the citizenship of the entity's general and limited partners. Thus, Plaintiff does not allege sufficient jurisdictional facts to establish the citizenship of its member Cibolo Capital Partners I, LLC, because it does not sufficiently allege the citizenship of all of that entity's members.

---

[1] For simplicity's sake, the Court will refer to both TMC, LLC and the Moody Company, LLC as "TMC, LLC" for the remainder of this Memorandum and Order.

Plaintiff identifies Ingleside Capital LP as a one of its "Class B Member[s]" (id. at 10), and separately identifies a single "Member" of Ingleside Capital LP, Bo Howard (id. at 14). Plaintiff fails to allege the type of entity Ingleside Capital LP is, but the presence of "LP" in its name indicates it is a limited partnership. Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of its member Ingleside Capital LP because it does not allege the citizenship of the entity's general and limited partners. Barclay Square Props., 893 F.3d at 969.

Plaintiff identifies Alianza Cuervo Tejas, LP as one of its "Founding Member[s]" (ECF No. 33-2 at 10), and identifies the General Partner of Alianza Cuervo Tejas, LP as King A. Crow (id. at 16). [2] Plaintiff does not identify any limited partners. As with other entities discussed above, Plaintiff does not allege the type of entity Alianza Cuervo Tejas, LP is, but the presence of "LP" in its name indicates it is a limited partnership. Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of Alianza Cuervo Tejas, LP because it does not allege the citizenship of all of that entity's general and limited partners. Barclay Square, 893 F.3d at 969.

With respect to the ownership of Plaintiff's Sole Class A Member, TMC, LLC, Plaintiff identifies Grand Holdings, LC (ECF No. 33-2 at 12) as one of TMC, LLC's members. Plaintiff does not identify the type of entity Grand Holdings, LC is. The information listed on Exhibit A as to Grand Holdings, LC's ownership appears to identify its members as the RXM Trust, the BITT Trust, and four individuals. (Id. at 17.) Plaintiff does not specify the type of trusts the RXM Trust and BITT Trust are, or the states' laws under which they are organized. Plaintiff identifies by name only approximately forty-eight individual trust beneficiaries of the RXM and BITT Trusts, and identifies the individual trustees for each of the beneficiaries by name only.

For purposes of diversity jurisdiction, the "members" of unincorporated business trust entities created by statute include shareholders. Americold Realty Trust v. Conagra Foods Inc., 577 U.S. 378, 382 (2016). This Court has held that for a traditional trust, the citizenship of all trustees must be considered for purposes of diversity jurisdiction. Alper v. Marsh, USA, Inc., 2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018) (applying Missouri law; relying on Americold, 577 U.S. 278, and Carden, 494 U.S. at 195-96). Here, Plaintiff does not allege facts to permit the Court to determine what type of trusts these are, nor does it allege facts as to the citizenship of the Trusts' beneficiaries or trustees. For these reasons, Plaintiff does not allege sufficient jurisdictional facts to set forth with specificity the citizenship of its member TMC, LLC's member Grand Holdings, LC.

Finally, Plaintiff identifies Melecore, Inc. as a member of TMC, LLC. (ECF No. 33-2 at 11.) Plaintiff does not identify the type of entity Melecore, Inc. is, but it

---

[2] Plaintiff identifies its member Alianza Cuervo Tejas, LP on Plaintiff's ownership structure chart (ECF No. 33-2 at 10) as "Alianza Cuervo Te."

6

> appears to be a corporation because its name includes the abbreviation "Inc."  For purposes of diversity jurisdiction, a corporation is a citizen of its state(s) of incorporation and principal place of business.  See 28 U.S.C. § 1332(c).  Plaintiff identifies Melecore, Inc. as being owned 100% by Rick Melebeck (id. at 18), but fails to allege facts as to Melecore, Inc.'s state(s) of incorporation and principal place of business.   Plaintiff therefore does not set forth with specificity the citizenship of its member TMC, LLC's member Melecore, Inc.

Mem. and Order of Aug. 4, 2021, at 4-8 (ECF No. 39).

Based on the foregoing discussion, the Court found that Plaintiff's amended complaint failed to include adequate allegations of jurisdictional facts to set forth with specificity Plaintiff's own citizenship, and concluded that Plaintiff failed to meet its burden to establish complete diversity of citizenship between the parties.  The Court dismissed the case without prejudice for lack of subject matter jurisdiction under Rule 12(h)(3), Fed. R. Civ. P., and did not grant leave for further amendment.  The case was closed on August 4, 2021.

Plaintiff filed the instant Motion for Leave to File Under Seal on September 15, 2021, forty-two days after the case was dismissed.  The Court will liberally construe Plaintiff's Motion for Leave to File Under Seal as a motion for leave to amend its complaint post-dismissal.

**Legal Standard**

The Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'"  Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc.), 925 F.3d 955, 961 (8th Cir. 2019) (quoting Mountain Home Flight Serv., Inc. v. Baxter Cnty., 758 F.3d 1038, 1045 (8th Cir. 2014)).  "Leave to amend should be granted liberally under Rule 15 prior to dismissal.  After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'"  Id. (quoting United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014)).  "Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable

order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply." Id. (citing Mountain Home, 758 F.3d at 1045-46)).

**Discussion**

  A. Rules 59(e) and 60(b)

  Here, the Court intended the dismissal without prejudice to constitute a final, appealable order dismissing the entire action, as evidenced by its citation to Rule 12(h)(3) and the omission of any grant of further leave to amend. As a result, this was a dismissal of the entire action. To revive Plaintiff's claims, "the original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)." Alleruzzo, 925 F.3d at 961-62 (citing generally 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1489, at 814-24 (3d ed. 2010)).

  The Court will determine if Plaintiff's Motion for Leave is properly construed as a post-judgment motion under Rule 59(e) or 60(b). The Motion for Leave cannot be construed as a motion to alter or amend the final order of dismissal under Rule 59(e) because it was not timely filed. A Rule 59 motion must be filed within twenty-eight days after entry of judgment and courts may not extend the deadline. Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017) (citing Fed. R. Civ. P. 6(b)(2)). Where a Rule 59(e) motion is untimely, as here, the Court lacks jurisdiction to consider it. See Mask of Ka-Nefer-Nefer, 752 F.3d at 743.

  The Court also cannot properly construe Plaintiff's Motion for Leave as a motion under Rule 60(b). That rule permits a district court, on a party's motion made within a reasonable time, to grant relief from a final judgment on grounds of, among other things, mistake, inadvertence, surprise, newly discovered evidence, fraud, or excusable neglect. A motion can be considered under Rule 60(b) only if it alleges grounds for relief available under one of the enumerated sections of the rule. Reyher v. Champion Int'l Corp., 975 F.2d 483, 488 (8th Cir. 1992). Here, Plaintiff

does not allege any relevant grounds under Rule 60(b).  See Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam) (holding district court erred in construing motion to reconsider as a Rule 60(b) motion where it did not allege grounds for relief under the rule).

Plaintiff's assertion that Defendant consented to its filing of a second amended complaint, which the Court accepts as true for purposes of the instant Motion although Defendant contests it, does not compel a different result.  While Rule 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent, as stated above, Rule 15 remains a consideration but does not control where post-dismissal amendment is sought.  Instead, the original dismissal must first be set aside under the standards of Rule 59(e) or Rule 60(b) before amendment can be permitted under Rule 15(a)(2).  Alleruzzo, 925 F.3d at 961-62.

B.   28 U.S.C. § 1653 and Rule 15(a)

Although Plaintiff did not cite to 28 U.S.C. § 1653, the Court is mindful that the statute authorizes the amendment of defective jurisdictional allegations "upon terms, in the trial or appellate courts."  Id.  It is uncertain how the Eighth Circuit's requirement that "the original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)" meshes with the discretion provided by 28 U.S.C. § 1653 to permit amendment of defective jurisdictional allegations, in particular where a case has been finally dismissed.

In the event it may be appropriate under 28 U.S.C. § 1653 to permit Plaintiff to amend its complaint post-dismissal to correct pleading deficiencies where the original dismissal has not first been set aside under the standards of Rule 59(e) or Rule 60(b), the Court has carefully reviewed the allegations of Plaintiff's proposed Second Amended Petition.  Although Plaintiff now includes many allegations with respect to its numerous members and their citizenship, it appears Plaintiff has not pleaded jurisdictional facts as to every one of its members, in particular certain limited partnership members.  For example, in paragraphs d.iv. and d.iv.1. on pages 16 and 17 of the

9

proposed Second Amended Petition (ECF No. 41-2 at 16-17), Plaintiff alleges that BWAyres Investments, LP is a limited partnership organized under Texas law with its principal place of business in Texas, and that BWAyres Investments, LP is "owned by" Aquila Operating Co., a Texas corporation with a principal place of business in Texas.

As the Court stated in the Memorandum and Order of August 4, 2021, "'When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists.'  Barclay Square Props., 893 F.2d at 969 (citing Carden, 494 U.S. at 195-96)." (ECF No. 39 at 6.)  Plaintiff's Second Amended Petition fails to allege sufficient jurisdictional facts to establish the citizenship of BWAyres Investments, LP because it does not identify this entity's general and limited partners. The allegation that the limited partnership is owned by Aquila Operating Co. is not an allegation as to the partnership's partners and is insufficient for the Court to determine BWAyres Investments, LP's citizenship with resorting to unwarranted and potentially incorrect speculation.

In numerous other instances in the Second Amended Petition, Plaintiff similarly alleges facts concerning the "ownership" of limited partnerships, but does not identify or allege facts concerning the limited partnerships' general or limited partners.  See, e.g., allegations as to the citizenship of Eagle Creek Capital LP, (ECF No. 41-2 at 14-29); LDA Investments, LP (ECF No. 41-2 at 17); Bolin Investments, LP (id. at 18-19); DHB Family Partnership, LP (id. at 19-20); Anasazi Capital, LP (id. at 24-25); and Ayres Management, LP (id. at 30-31).  Plaintiff's conclusory allegation that "no individual, entity, trust, trustee, and/or beneficiary is organized and existing in, maintains a principal place of business, resides, or is a citizen of the States of Delaware or Missouri" (id. at 3, ¶ 7) is insufficient to overcome these pleading deficiencies.  See Cameron v. Hodges, 127 U.S. 322, 324-25 (1888) (assertion in notice of removal that defendant was a citizen of a particular state

and the plaintiffs were not citizens of the same state was insufficient to confer federal diversity jurisdiction).

As a result, the Court finds in the alternative that Plaintiff has not shown its Second Amended Petition would establish the existence of diversity jurisdiction. Consequently, the proposed amendment would be futile. "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013). Further, Plaintiff has had ample notice and opportunity to cure the deficiencies in pleading its citizenship but has repeatedly failed to do so. See Foman v. Davis, 371 U.S. 178, 182 (1962) (repeated failure to cure deficiencies by amendments previously allowed is a discretionary reason to deny leave to amend). As a result, to the extent the Court has discretion to grant Plaintiff leave to amend pursuant to 28 U.S.C. § 1653, where the original dismissal has not first been set aside under the standards of Rule 59(e) or Rule 60(b), it declines to exercise its discretion to do so.

**Conclusion**

The Court identified procedural defects in Plaintiff's original complaint and gave Plaintiff the opportunity to correct those defects. The Court cautioned Plaintiff that its failure to fully comply with the Order would result in the dismissal of this case without prejudice for lack of subject matter jurisdiction. Plaintiff's amended complaint failed to include adequate allegations of jurisdictional facts to set forth with specificity its own citizenship and the Court dismissed the case without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion for Leave to File Sealed Documents, construed as a Motion for Leave to Amend Complaint Post-Dismissal, does not seek to set aside the dismissal of this action as required, and cannot be construed as a post-dismissal motion under Rule 59(e) or 60(b) for the reasons discussed above. As a result, the Motion will be denied.

In the alternative, Plaintiff's proposed Second Amended Petition fails to fully allege jurisdictional facts as to its citizenship and therefore does not correct the pleading deficiencies previously identified by the Court..  As a result, its filing would be futile.  Plaintiff had notice and repeated opportunities to establish the existence of complete diversity of citizenship but has failed to do so.  The Court therefore declines to exercise its discretion to permit the proposed amendment under 28 U.S.C. § 1653, in the event it has the ability to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Sealed Documents (Filed with Consent of Respondent Express Scripts, Inc.) (ECF No. 40), construed as a Motion for Leave to Amend Complaint Post-Dismissal, is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of December, 2021.