UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SENDERRA RX PARTNERS, LLC, D/B/A ) <br> SENDERRA SPECIALTY PHARMACY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXPRESS SCRIPTS, INC., ) <br> ) <br> Defendant. ) | No. 4:21-CV-521 RLW |

## MEMORANDUM AND ORDER

This closed case is before the Court on Plaintiff Senderra Rx Partners, LLC's ("Plaintiff") Motion to Set Aside Final Judgment Under Fed. R. Civ. P. 60(b) and for Leave to File an Amended Petition (ECF No. 51). Plaintiff also filed a motion for leave to file under seal a proposed Third Amended Petition with exhibits. (ECF No. 52.) Defendant Express Scripts, Inc. opposes the Motion to Set Aside Final Judgment (ECF No. 60), and Plaintiff filed a Reply in Further Support (ECF No. 61). The motion is fully briefed and ready for ruling. After careful consideration, and in the exercise of its discretion, the Court will deny Plaintiff's Motion to Set Aside Final Judgment

**I. Procedural Background**

A.

This was an action by Plaintiff to vacate an arbitration award against it. Plaintiff's original complaint asserted the Court had subject matter jurisdiction over this case "because this is an action brought pursuant to the Federal Arbitration Act ('FAA'), 9 U.S.C. § 10." (ECF No 2, ¶ 6). The original complaint also asserted that jurisdiction was proper in this Court pursuant to 28 U.S.C. § 1332 as "there is complete diversity of citizenship and the amount in controversy exceeds $75,000, based on diversity of citizenship." (Id.)

On July 15, 2021, the Court on its own motion issued an Order Concerning Jurisdiction (ECF No. 28) (the "Order") concerning the original complaint.  The Order is incorporated herein by this reference.  The Court concluded in the Order that Plaintiff's first stated basis for the Court's exercise of subject matter jurisdiction was insufficient because the Federal Arbitration Act does not provide a basis for federal subject matter jurisdiction.  Order at 2 (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983) (discussing sections 3 and 4 of the FAA); UHC Mgmt. Co., Inc. v. Computer Sciences Corp., 148 F.3d 992, 995 (8th Cir. 1998) (citation omitted) (requiring an independent jurisdictional basis "when a party to an arbitration agreement seeks to have a federal court enforce its provisions."); and Pinnavaia v. National Arb. Forum, Inc., 122 F. App'x 862, 862 (8th Cir. 2004) (unpublished per curiam) ("In keeping with the other circuits that have addressed the issue, we hold that 9 U.S.C. § 10 does not provide an independent jurisdictional basis for filing suit in federal court.")).  The Court stated that there must exist either federal question or diversity jurisdiction in order for it to hear this matter.  (ECF No. 28 at 2.)

The original complaint did not allege another basis for federal question jurisdiction, but alleged diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  The Court determined that Plaintiff's original complaint was procedurally defective in that regard because it did not contain sufficient allegations of jurisdictional facts regarding the state(s) of Plaintiff's own citizenship, and did not establish that the amount in controversy exceeded $75,000.  Id. at 5.  The Court's Order set forth the relevant law concerning allegations of citizenship for limited liability companies such as Plaintiff:

> "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."  E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted).  Thus, for limited liability companies, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction.  See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC").  For

> any members of LLCs that are themselves limited liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.
>
> Here, the Complaint alleges that Plaintiff Senderra Rx Partners, LLC, d/b/a Senderra Specialty Pharmacy ("Senderra") is a limited liability company with its principal place of business in Dallas, Texas. (Complaint ¶ 4.) "[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens." GMAC, 357 F.3d at 829. The Complaint contains no allegations concerning the relevant jurisdictional facts about Plaintiff's citizenship: the identity of each of its members and the state(s) of which each member was a citizen at the time the complaint was filed, as required by GMAC.

Id. at 3.

The Court granted Plaintiff seven (7) days to file an amended complaint alleging facts to show (1) complete diversity of citizenship between the parties, and (2) that the amount in controversy exceeds $75,000. Id. The Court cautioned, "Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction." Id. The case was stayed pending the Court's determination as to the existence of subject matter jurisdiction.

Plaintiff timely filed an amended complaint titled "Amended Petition to Vacate Arbitrator's Award" (ECF No. 35). The Court carefully reviewed the amended complaint's jurisdictional allegations and found that Plaintiff failed to set forth facts as to its citizenship in numerous respects, after having been given notice that its jurisdictional allegations were deficient and an opportunity to cure them, as follows:

> The amended complaint alleges that Defendant Express Scripts, Inc. is a Delaware corporation with its principal place of business in Missouri (id. ¶ 5), and that Plaintiff is a limited liability company incorporated under the laws of Texas with its principal place of business in Texas (id. ¶¶ 4, 8.) It further alleges, "The complete ownership of Petitioner is as listed in Exhibit A." (Id. ¶ 8.)
>
> As the Court stated in the Order, for purposes of diversity jurisdiction the citizenship of a limited liability company such as Plaintiff is the "citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, the Court must examine the citizenship of each of Plaintiff's members to determine whether it has diversity jurisdiction. See

3

GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  For members of LLCs that are themselves limited liability companies, partnerships, limited partnerships, or trusts, information concerning their underlying members, partners, and trustees or trust beneficiaries must be alleged. "A federal court . . . needs to know each member's citizenship, and if necessary each member's members' citizenships." Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006), abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital, 827 F.3d 689 (7th Cir. 2016).

The amended complaint's Exhibit A (ECF No. 33-2) is a nine-page series of tables without any accompanying explanatory text.  Per the statement in the amended complaint, Exhibit A is intended to document Plaintiff's complete ownership structure.  Exhibit A does not serve to allege specific jurisdictional facts as to Plaintiff's citizenship, however, or establish complete diversity of citizenship for purposes of federal diversity jurisdiction, as the information contained therein is deficient in the following respects.

In most instances where Plaintiff lists an individual person on Exhibit A as a member, partner, or percentage owner of itself or one of its member entities, Plaintiff provides the person's name and an address only.  In other instances, Plaintiff provides only the individual's name.  To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).  Plaintiff's listing of a person's name and an address does not set forth with specificity that person's state of citizenship for purposes of federal diversity jurisdiction.  Thus, Plaintiff fails to allege the citizenship of each of the individuals identified in Exhibit A.  In its discussion of the other defects in Plaintiff's jurisdictional allegations, the Court does not repeat as to each entity that Plaintiff's allegations as to any individuals' citizenships are also defective.

Plaintiff identifies "TMC, LLC" as its "Sole Class A Member" in the chart showing Plaintiff's ownership (ECF No. 33-2 at 10), but subsequently provides ownership information for The Moody Company, LLC (id. at 11-12), and not TMC, LLC.  Plaintiff does not allege that TMC, LLC and The Moody Company, LLC are the same entity.  This discrepancy creates doubt as to whether Plaintiff has alleged the members of TMC, LLC at all.[1]  Even if the Court assumes that TMC, LLC and The Moody Company, LLC are the same entity and Plaintiff's use of two different names to describe it on Exhibit A is the result of carelessness, Plaintiff fails to allege facts sufficient to establish its citizenship because, among other things, Plaintiff does not allege facts to establish the citizenship of TMC, LLC's members.

Plaintiff identifies Cibolo Capital Partners I, LLC, and Grayhawk Advisers, LP as two of its "Founding Members."  (ECF No. 33-2 at 10.)  Plaintiff lists three members of Cibolo Capital Partners I, LLC, including "Grayhawk Advisors," with

---

[1] For simplicity's sake, the Court will refer to both TMC, LLC and the Moody Company, LLC as "TMC, LLC" for the remainder of this Memorandum and Order.

4

Winston R. Purifoy as 100% "underlying owner" of Grayhawk Advisors (id. at 13). Plaintiff does not identify what kind of entity Grayhawk Advisors is. Assuming that Grayhawk Advisers, LP and Grayhawk Advisers are the same entity, and the use of two different names is the result of carelessness, the presence of "LP" in its name indicates Grayhawk Advisers, LP is a limited partnership. Plaintiff separately identifies the ownership structure of Grayhawk Advisers, LP as owned 1% by Winston R. Purifoy, LLC, with Winston R. Purifoy as the 100% "underlying owner" of Winston R. Purifoy, LLC; and Winston R. Purifoy as the "managing member" of Grayhawk Advisers, LP with a 99% ownership interest. (ECF No. 33-2 at 15.)

"When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." Barclay Square Props., 893 F.2d at 969 (citing Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990)). Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of Grayhawk Advisors, LP because it does not allege the citizenship of the entity's general and limited partners. Thus, Plaintiff does not allege sufficient jurisdictional facts to establish the citizenship of its member Cibolo Capital Partners I, LLC, because it does not sufficiently allege the citizenship of all of that entity's members.

Plaintiff identifies Ingleside Capital LP as a one of its "Class B Member[s]" (id. at 10), and separately identifies a single "Member" of Ingleside Capital LP, Bo Howard (id. at 14). Plaintiff fails to allege the type of entity Ingleside Capital LP is, but the presence of "LP" in its name indicates it is a limited partnership. Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of its member Ingleside Capital LP because it does not allege the citizenship of the entity's general and limited partners. Barclay Square Props., 893 F.3d at 969.

Plaintiff identifies Alianza Cuervo Tejas, LP as one of its "Founding Member[s]" (ECF No. 33-2 at 10), and identifies the General Partner of Alianza Cuervo Tejas, LP as King A. Crow (id. at 16).[2] Plaintiff does not identify any limited partners. As with other entities discussed above, Plaintiff does not allege the type of entity Alianza Cuervo Tejas, LP is, but the presence of "LP" in its name indicates it is a limited partnership. Plaintiff fails to allege sufficient jurisdictional facts to establish the citizenship of Alianza Cuervo Tejas, LP because it does not allege the citizenship of all of that entity's general and limited partners. Barclay Square, 893 F.3d at 969.

With respect to the ownership of Plaintiff's Sole Class A Member, TMC, LLC, Plaintiff identifies Grand Holdings, LC (ECF No. 33-2 at 12) as one of TMC, LLC's members. Plaintiff does not identify the type of entity Grand Holdings, LC is. The information listed on Exhibit A as to Grand Holdings, LC's ownership appears to identify its members as the RXM Trust, the BITT Trust, and four

---

[2] Plaintiff identifies its member Alianza Cuervo Tejas, LP on Plaintiff's ownership structure chart (ECF No. 33-2 at 10) as "Alianza Cuervo Te."

5

individuals.  (Id. at 17.)  Plaintiff does not specify the type of trusts the RXM Trust and BITT Trust are, or the states' laws under which they are organized.  Plaintiff identifies by name only approximately forty-eight individual trust beneficiaries of the RXM and BITT Trusts, and identifies the individual trustees for each of the beneficiaries by name only.

For purposes of diversity jurisdiction, the "members" of unincorporated business trust entities created by statute include shareholders.  Americold Realty Trust v. Conagra Foods Inc., 577 U.S. 378, 382 (2016).  This Court has held that for a traditional trust, the citizenship of all trustees must be considered for purposes of diversity jurisdiction.  Alper v. Marsh, USA, Inc., 2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018) (applying Missouri law; relying on Americold, 577 U.S. 278, and Carden, 494 U.S. at 195-96).  Here, Plaintiff does not allege facts to permit the Court to determine what type of trusts these are, nor does it allege facts as to the citizenship of the Trusts' beneficiaries or trustees.  For these reasons, Plaintiff does not allege sufficient jurisdictional facts to set forth with specificity the citizenship of its member TMC, LLC's member Grand Holdings, LC.

Finally, Plaintiff identifies Melecore, Inc. as a member of TMC, LLC.  (ECF No. 33-2 at 11.)  Plaintiff does not identify the type of entity Melecore, Inc. is, but it appears to be a corporation because its name includes the abbreviation "Inc."  For purposes of diversity jurisdiction, a corporation is a citizen of its state(s) of incorporation and principal place of business.  See 28 U.S.C. § 1332(c).  Plaintiff identifies Melecore, Inc. as being owned 100% by Rick Melebeck (id. at 18), but fails to allege facts as to Melecore, Inc.'s state(s) of incorporation and principal place of business.  Plaintiff therefore does not set forth with specificity the citizenship of its member TMC, LLC's member Melecore, Inc.

Mem. and Order of Aug. 4, 2021, at 4-8 (ECF No. 39).

Based on the foregoing, the Court found that Plaintiff's amended complaint failed to include adequate allegations of jurisdictional facts to set forth with specificity Plaintiff's own citizenship, and concluded that Plaintiff failed to meet its burden to establish complete diversity of citizenship between the parties.  The Court dismissed the case without prejudice for lack of subject matter jurisdiction under Rule 12(h)(3), Federal Rules of Civil Procedure, and did not grant leave for further amendment.  The case was closed on August 4, 2021.

Forty-two days after the case was dismissed, Plaintiff filed a "Motion for Leave to File Sealed Documents (Filed with Consent of Respondent Express Scripts, Inc.)" (ECF No. 40), which stated it was being filed pursuant to E.D. Mo. Local Rule 13.05(A)(4) (establishing procedures for

filing sealed documents) and Federal Rule of Civil Procedure 26(c)(1).  Plaintiff also submitted a proposed Second Amended Petition.  (ECF No. 41-2.)  Defendant Express Scripts opposed the Motion for Leave.

The Court denied Plaintiff's Motion for Leave to File Sealed Documents by Memorandum and Order of December 7, 2021 (ECF No. 48).  The Court stated it had intended the dismissal without prejudice to constitute a final, appealable order dismissing the entire action, as evidenced by the citation to Rule 12(h)(3) in the order dismissing the case and the omission of any further grant of leave to amend.

The Court liberally construed Plaintiff's Motion for Leave to File Under Seal as a motion for leave to amend its complaint post-dismissal. The Court concluded Plaintiff's Motion for Leave could not be construed as a motion to alter or amend the final order of dismissal under Rule 59(e), because it was untimely under that rule.  The Court also concluded it could not construe Plaintiff's Motion for Leave as a motion under Rule 60(b), because it did not allege grounds for relief available under one of the Rule's enumerated sections.  The Court therefore concluded the Motion for Leave did not properly seek to set aside the dismissal of the action, as required before post-dismissal leave to amend may be granted.  See United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742-43 (8th Cir. 2014).

Finally, the Court reviewed the proposed Second Amended Complaint and made an alternative finding that Plaintiff had not shown it would establish the existence of diversity jurisdiction, because it still failed to plead jurisdictional facts as to each of its members:

> Although Plaintiff now includes many allegations with respect to its numerous members and their citizenship, it appears Plaintiff has not pleaded jurisdictional facts as to every one of its members, in particular certain limited partnership members. For example, in paragraphs d.iv. and d.iv.1. on pages 16 and 17 of the proposed Second Amended Petition (ECF No. 41-2 at 16-17), Plaintiff alleges that BWAyres Investments, LP is a limited partnership organized under Texas law with its principal place of business in Texas, and that BWAyres Investments, LP is "owned by" Aquila Operating Co., a Texas corporation with a principal place of business in Texas.

> As the Court stated in the Memorandum and Order of August 4, 2021, "'When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists.' Barclay Square Props., 893 F.2d at 969 (citing Carden, 494 U.S. at 195-96)." (ECF No. 39 at 6.) Plaintiff's Second Amended Petition fails to allege sufficient jurisdictional facts to establish the citizenship of BWAyres Investments, LP because it does not identify this entity's general and limited partners. The allegation that the limited partnership is owned by Aquila Operating Co. is not an allegation as to the partnership's partners and is insufficient for the Court to determine BWAyres Investments, LP's citizenship with resorting to unwarranted and potentially incorrect speculation.
>
> In numerous other instances in the Second Amended Petition, Plaintiff similarly alleges facts concerning the "ownership" of limited partnerships, but does not identify or allege facts concerning the limited partnerships' general or limited partners. See, e.g., allegations as to the citizenship of Eagle Creek Capital LP, (ECF No. 41-2 at 14-29); LDA Investments, LP (ECF No. 41-2 at 17); Bolin Investments, LP (id. at 18-19); DHB Family Partnership, LP (id. at 19-20); Anasazi Capital, LP (id. at 24-25); and Ayres Management, LP (id. at 30-31). Plaintiff's conclusory allegation that "no individual, entity, trust, trustee, and/or beneficiary is organized and existing in, maintains a principal place of business, resides, or is a citizen of the States of Delaware or Missouri" (id. at 3, ¶ 7) is insufficient to overcome these pleading deficiencies. See Cameron v. Hodges, 127 U.S. 322, 324-25 (1888) (assertion in notice of removal that defendant was a citizen of a particular state and the plaintiffs were not citizens of the same state was insufficient to confer federal diversity jurisdiction).

Mem. and Order of Dec. 7, 2021 at 9-11 (ECF No. 48). As a result, the Court concluded the proposed amendment would be futile. It also observed, "Plaintiff has had ample notice and opportunity to cure the deficiencies in pleadings its citizenship but has repeatedly failed to do so." (Id. at 11.)

Plaintiff appealed the Court's Order of December 7, 2021, but the Eighth Circuit Court of Appeal granted Defendant-Appellee Express Scripts' motion to dismiss the appeal for lack of jurisdiction on February 9, 2022. The Eighth Circuit issued its Mandate on March 2, 2022.

B.

In the present Motion to Set Aside Final Judgment, Plaintiff moves to set aside the dismissal of this case "to more fully allege the limited and general partners of its members entities in full satisfaction of the Court's requirements." (ECF No. 54 at 1.) Plaintiff asserts that its proposed

Third Amended Petition (ECF No. 52-2) properly alleges its citizenship. Plaintiff moves to set aside the final judgment under Rule 60(b)(1), Fed. R. Civ. P., based on mistake, inadvertence, surprise, or excusable neglect in its prior attempts to plead facts concerning its citizenship. (ECF No. 54 at 3-5.) Plaintiff also moves to set aside the final judgment under Rule 60(b)(6), Fed. R. Civ. P., based on the exceptional circumstance that it would risk serious injustice if Plaintiff were not permitted to amend its complaint to allege its citizenship and "vindicate its rights under controlling law." (ECF No. 54 at 5.)

## II. Legal Standards

Because the Court dismissed Plaintiff's case, "the original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)." In re Supervalu, Inc., 925 F.3d 955, 961-62 (8th Cir. 2019) (citing generally 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice and Procedure § 1489, at 814-24 (3d ed. 2010)). Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment or order on one of six specified grounds. Fed. R. Civ. P. 60(b); JoAnn Howard & Assocs., P.C. v. Nat'l City Bank, 11 F.4th 876, 885 (8th Cir. 2021). As previously stated, Plaintiff's motion relies on the grounds of 'mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), Fed. R. Civ. P.; and "any other reason that justifies relief" under Rule 60(b)(6), Fed. R. Civ. P.

Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Holmes v. United States, 898 F.3d 785, 791 (8th Cir. 2018). Relief under Rule 60(b) is limited, as "Rule 60(b) authorizes relief in only the most exceptional of cases." Id. (quoted case omitted). "Additionally, 'Rule 60(b) has *never* been a vehicle for relief because of an attorney's *incompetence or carelessness*.'" U.S. Commodity Futures Trading Comm'n v. Kratville, 796 F.3d 873, 896 (8th Cir. 2015) (emphases added in original) (quoting Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997)).

The Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" In re SuperValu, Inc., 925 F.3d at 961 (quoted case omitted). "Post-dismissal motions to amend are disfavored." In re Medtronic, Inc., Sprint Fidelis Lead Products Liab. Litig., 623 F.3d 1200, 1208 (8th Cir. 2010). Under Eighth Circuit precedent, "Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" In re SuperValu, Inc., 925 F.3d at 961 (quoting Ka-Nefer-Nefer, 752 F.3d at 743). As in the present case, "Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply." Id.

Nonetheless, "Resolution of claims on their merits is favored under Federal Rule of Civil Procedure 15(a)(2), and 'decisions on the merits [should not] be avoided on the basis of . . . mere technicalities.'" Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 962-63 (8th Cir. 2015) (brackets in original) (quoting Foman v. Davis, 371 U.S. 178, 181 (1962)). "However, that consideration is not the sole factor when determining whether a plaintiff should be granted leave to amend a complaint post-judgment." Id. at 963. "A district court may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment,' even when doing so will necessarily prevent resolution on the merits." Id. (quoted case omitted).

10

**III. Discussion**

    A.  <u>Rule 60(b)(1)</u>

Under Rule 60(b)(1), a district court may relieve a party from a final judgment or order upon a showing of mistake, inadvertence, surprise, or excusable neglect. Plaintiff does not identify the specific aspect of Rule 60(b)(1) on which it relies, but it appears to be inadvertence. Plaintiff states that its Second Amended Petition alleged its ownership structure and citizenship of its members, but "inadvertently omitted information identifying which of its owners serve as the limited or general partners of each respective entity." (ECF No. 54 at 4.) Plaintiff contends that despite this omission, "for the purposes of diversity jurisdiction, the allegations of citizenship of each of its members remains unchanged, irrespective of whether each owner serves as a limited or general partner." (<u>Id.</u> at 5.)

Plaintiff's original complaint failed to establish federal subject matter jurisdiction based on either federal question jurisdiction or diversity of citizenship jurisdiction. The Court identified the complaint's deficiencies in detail, cited relevant case law, and ordered Plaintiff to amend its complaint. The Court cautioned that failure to plead facts to establish subject matter jurisdiction would result in dismissal of the case without prejudice. <u>See</u> Order Concerning Jurisdiction (ECF No. 28). As set forth above in the Procedural Background, Plaintiff's first amended complaint was notably deficient in pleading factual allegations concerning its citizenship for purposes of federal diversity jurisdiction.[1] Consequently, the Court dismissed the case without prejudice for lack of subject matter jurisdiction, and the case was closed. <u>See</u> Mem. and Order of Aug. 4, 2021, at 4-8 (ECF No. 39).

---

[1]As set forth above, after the Court ordered Plaintiff to amend with instructions, Plaintiff sought to plead its citizenship by attaching a nine-page series of tables to its amended complaint, with no accompanying explanatory text other than a statement that the tables were intended to document its complete ownership structure. The tables primarily consisted of persons' names and addresses, and in some instances only names. Plaintiff's proposed second amended complaint revealed that a large number of its members had been omitted from the tables.

Plaintiff waited <u>forty-two</u> days to take any action following dismissal. When it did so, it did not seek to set aside the dismissal as required by Eighth Circuit precedent, but instead filed a post-dismissal motion for leave to file under seal a second amended petition. Though the motion only asked the Court to seal Plaintiff's proposed amended petition, the Court liberally construed Plaintiff's motion as one for leave to amend its complaint post-dismissal. <u>See</u> Mem. and Order of Dec. 7, 2021 (ECF No. 48 at 7). The Court confirmed that it intended the August 4, 2021 dismissal to constitute a final, appealable order dismissing the entire case, and therefore Plaintiff was required to meet the stringent standards governing relief under either Rule 59(e) or Rule 60(b). (<u>Id.</u>) The Court determined that Plaintiff did not meet the standard for relief under either Rule, concluded that it lacked subject matter jurisdiction over the case, and denied Plaintiff's motion for leave to amend. (<u>Id.</u> at 8, 11.) The Court also denied Plaintiff's motion on the alternative ground that amendment would be futile, after it reviewed Plaintiff's proposed second amended complaint and determined it still failed to plead sufficient facts to establish Plaintiff's citizenship and diversity jurisdiction. (<u>Id.</u> at 10-11.)

Plaintiff does not cite any legal authority to support the proposition that a failure to plead facts sufficient to establish a party's own citizenship for purposes of federal diversity jurisdiction, after having been given express, detailed information as to the deficiencies of its pleading on two occasions, constitutes inadvertence under Rule 60(b)(1). Nor does Plaintiff explain why it failed to correct the deficiencies in its pleadings, or how this failure was inadvertent. In its Reply, Plaintiff refers to its "repeated, good-faith attempts to flesh out [its] uniquely complicated ownership structure consisting of various individuals and business entities alike" (ECF No. 61 at 2); asserts that the "totality of the circumstances, including [its] repeated and thorough attempts to satisfy the requirements for diversity jurisdiction, is sufficient to demonstrate its good faith" (<u>id.</u> at 4), and

12

offers that it "inadvertently omitted facts concerning [its] limited and general partners" in the second amended complaint (id.).

Rule 60(b)(1) does not define the terms "mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has instructed that "excusable neglect" encompasses negligence in the context of a failure to comply with a filing deadline. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388-84 (1993). Whether neglect is excusable in a given circumstance is an equitable determination, and a court must consider the relevant circumstances, including the following factors derived from Pioneer: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) whether the movant acted in good faith, and (4) the reason for the delay, including whether it was in the reasonable control of the movant." Giles v. St. Luke's Northland-Smithville, 908 F.3d 365, 368 (8th Cir. 2018) (per curiam) (quoting In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig., 496 F.3d 863, 866-67 (8th Cir. 2007)). In the Eighth Circuit, the reason for a party's conduct or omission is the most important consideration in determining whether its negligence is excusable. Giles, 908 F.3d at 369; see Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000) ("The four Pioneer factors do not carry equal weight; the excuse given for the late filing must be given greatest import.")

The first Pioneer factor – the danger of prejudice to Defendant Express Scripts – favors Plaintiff. Express Scripts does not claim any prejudice, and the Court does not see any. The second factor – the length of the delay – weighs against Plaintiff. Plaintiff waited forty-two days after the Court dismissed the case for lack of subject matter jurisdiction before taking any action. And when it did so, Plaintiff did not file an appropriate motion to set aside the dismissal, but instead merely sought leave to file under seal and submitted another proposed amended complaint, as if no dismissal had occurred.

13

With respect to the third factor – whether Plaintiff acted in good faith, the primary factor Plaintiff addresses in its motion – the Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." Giles, 908 F.3d at 369 (quoted case omitted). The Court does not find that Plaintiff's failure was marginal, but it also does not find that Plaintiff acted contumaciously or intentionally flouted or disregarded the Court and its procedures. See id. Therefore, this factor favors Plaintiff.

But the Court finds against Plaintiff on the final and most important factor, the reason for Plaintiff's failure to comply with the Court's orders and file an amended complaint containing sufficient factual allegations to establish its citizenship and the Court's jurisdiction. It was readily apparent to the Court upon review of Plaintiff's original, first amended, and proposed second amended complaints that Plaintiff failed to plead sufficient facts to establish its citizenship. This failure should also have been readily apparent to Plaintiff's attorneys with the exercise of diligence, particularly after the Court's orders identified both the pleading defects and the relevant law at issue. On each occasion Plaintiff submitted a new complaint, it pleaded additional facts concerning its citizenship, but was unable to adequately plead its citizenship on repeated attempts. Plaintiff does not explain why it was unable to sufficiently allege facts that were entirely within its knowledge at the time it filed this action, other than to refer to its "complex" ownership structure.

"The requirement that [a federal court's] jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Plaintiff. See McNutt v.

General Motors Accept. Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" Id. "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

Plaintiff's repeated failure to plead sufficient jurisdictional facts concerning its citizenship appears to the Court, under the circumstances of this case, to be a matter of carelessness and disregard for Plaintiff's fundamental obligation to establish federal subject matter jurisdiction. The Court cannot find this failure to be a matter of inadvertence or excusable neglect, as there does not appear to be a reasonable basis for the failure and Plaintiff cannot claim lack of notice. See Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (for excusable neglect under Rule 60(b)(1), the explanation "must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules."). Plaintiff's filings demonstrate a pattern of carelessness and lack of diligence.

The Court is mindful that "Rule 60(b) authorizes relief in only the most exceptional of cases." Holmes, 898 F.3d at 791. Plaintiff's Motion to Set Aside Final Judgment does not present an exceptional case or extraordinary circumstances. Instead, this case appears to be an example of attorney carelessness, incompetence, and/or lack of diligence, which is not a basis for relief under Rule 60(b)(1). U.S. Commodity Futures Trading Comm'n, 796 F.3d at 896; Noah, 408 F.3d at 1045; Inman, 120 F.3d at 119.

For these reasons, the Court in the exercise of its discretion declines to set aside its dismissal of this case without prejudice pursuant to Rule 60(b)(1) and permit Plaintiff to file another amended complaint. The Court has considered that Plaintiff may be denied the opportunity to resolve the merits of its claims seeking to vacate an arbitration award. While the Federal Rules strongly favor

15

the resolution of claims on their merits, "that consideration is not the sole factor when determining whether a plaintiff should be granted leave to amend a complaint post-judgment." Ash, 799 F.3d at 962-63. A district court may deny leave to amend where there are compelling reasons, such as repeated failure to cure deficiencies by amendments previously allowed, "even when doing so will necessarily prevent resolution on the merits." Id. at 963. Plaintiff's repeated failure to plead required jurisdictional facts is far more than a mere technicality. Instead, it is a compelling reason that warrants the denial of its motion.

    B.  Rule 60(b)(6)

Plaintiff's motion is also based on Rule 60(b)(6), which permits a district court to set aside a judgment or final order for "any other reason justifying relief." In support, Plaintiff asserts that denial of its motion would "risk serious injustice" by depriving it "of its ability to seek post-judgment amendment to its Petition in order to vindicate it's [sic] rights under controlling law[.]" (ECF No. 54 at 5.) Plaintiff states that the harm caused to it if the Court denies its Motion to Set Aside "would pale in comparison to the minor amendment that it would seek leave to make in its Petition. Thus, [Plaintiff] submits that it has demonstrated the exceptional circumstances required to set aside the Court's judgment." (Id. at 5-6.)

Plaintiff cannot obtain relief under Rule 60(b)(6). Rules 60(b)(1) and 60(b)(6) are "mutually exclusive, such that a court may not grant relief under 60(b)(6) for any reason which could have been considered under 60(b)(1)." United States v. Peters, No. 4:12-CV-1395 AGF, 2014 WL 6669757, at *5 (E.D. Mo. Nov. 24, 2014) (citing Pioneer, 507 U.S. at 393); see Pioneer, 507 U.S. at 393 (stating that Rules 60(b)(1) and 60(b)(6) are mutually exclusive, and "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable."). Moreover, the reason proposed by Plaintiff as a basis for relief under subsection 60(b)(6) is the same as the Court has found insufficient to warrant relief

16

under subsection 60(b)(1).  The Court will deny Plaintiff's request for relief pursuant to Rule 60(b)(6).

## IV. Conclusion

The Court identified procedural defects in Plaintiff's original complaint and gave Plaintiff the opportunity to correct those defects to establish subject matter jurisdiction.  Plaintiff had notice and repeated opportunities to establish the existence of complete diversity of citizenship by sufficiently pleading facts concerning its own citizenship, but it failed to do so.  As a result, the Court dismissed this case without prejudice for lack of subject matter jurisdiction.  Plaintiff fails to establish that its failure was the result of inadvertence or excusable neglect, or that its motion presents an exceptional circumstance, such that the dismissal should be set aside under Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside Final Judgment Under Fed. R. Civ. P. 60(b) and for Leave to File an Amended Petition (ECF No. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Under Seal (ECF No. 55) is **DENIED** as moot.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of March, 2022.